**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANILDA A. TORO,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTONE PARK DIRECTOR and ASHLEY WHITTFIELD,<br><br>Defendants. | Civil Action No. 25-01986 (JXN)(SDA)<br><br>**MEMORANDUM OPINION** |

**NEALS**, District Judge

Before the Court is the application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2) and Complaint (ECF No. 1) filed by *pro se* Plaintiff Yanilda A. Toro ("Plaintiff") against Defendants Greystone Park Director and Ashley Whittfield (collectively, "Defendants"). Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and is **GRANTED**. As Plaintiff has been granted IFP status, Plaintiff's Complaint is subject to the Court's *sua sponte* screening. 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Complaint is **DISMISSED *without prejudice***.

## I. BACKGROUND

Plaintiff, who is currently confined at Greystone Park Psychiatric Hospital ("Greystone Park"),[1] filed the instant action against Greystone Park Director ("Director") and Ashley Whittfield ("Whittfield") on March 20, 2025. (Compl. *1,[2] ECF No. 1.) Plaintiff alleges that on an unspecified date, Whittfield assaulted her while she was a patient at Greystone Park. (*Id.* at *2.) Plaintiff

[1] The Court takes judicial notice that Greystone is a state-run psychiatric hospital located in Morris Plains, New Jersey. *Segura v. Greystone Park Psychiatric Hosp.*, No. 21-11662, 2024 WL 414105, at *2 (D.N.J. Feb. 5, 2024).

[2] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

describes an incident in which she alleges Whittfield taunted her into an altercation. (*Id.* at *3.) Plaintiff claims Whittfield assaulted her by beating her on the head, where Plaintiff had a pre-existing skull fracture, and stomping on her. (*Id.* at *2–3.) Plaintiff alleges that, after the physical altercation, she was erroneously treated for delusions with Haldol rather than receiving Tylenol for head pain.[3]

Plaintiff's claim against the Director arises from the Director's alleged failure to report the assault to the police and to properly treat her for her injuries. (*Id.* at *3–4.) Plaintiff claims that the physical altercation left her with "a black eye and head injury," and describes having a fracture on the right side of her head but states that no X-ray, CT scan, or MRI was performed. (*Id*. at 4) Plaintiff is seeking monetary damages for "neglect, pain and suffer[ing]" and for taking medication that "causes heart problems." (*Id*.)

## II. <u>LEGAL STANDARD</u>

A complaint submitted by a *pro se* plaintiff who seeks to proceed *in forma pauperis* is subject to *sua sponte* review. 28 U.S.C. § 1915. The complaint may be dismissed if the action is frivolous or malicious, fails to comply with the proper pleading standards under the Federal Rules of Civil Procedure, or seeks to assert claims against an immune party. 28 U.S.C. § 1915(e)(2)(B); *see also Emrit v. Special Agent in Charge of FBI*, No. 22-06713, 2025 WL 758779, at *1 (D.N.J. Mar. 10, 2025) (citing *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). The Court must dismiss any claim, prior

[3] Plaintiff stipulates that Haldol is a medication prescribed to treat patients suffering from delusions. (Compl. *2-3.) Haldol is the brand name for the medication "Haloperidol," which, among other uses, is prescribed to treat patients with schizophrenia, Tourette's syndrome, and severe behavioral issues in children. *Haloperidol (Haldol)*, NATIONAL ALLIANCE ON MENTAL ILLNESS, https://www.nami.org/about-mental-illness/treatments/mental-health-medications/types-of-medication/haloperidol-haldol/ (last visited Sep. 24, 2025).

to service, that fails to state a claim for which relief may be granted or dismiss any claims against defendants immune from suit.[4] 28 U.S.C. § 1915(e)(2)(B)(ii-iii).

A complaint must also contain a "short and plain statement of the grounds for the court's jurisdiction...the claim showing that the pleader is entitled to relief; and[] a demand for the relief sought." Fed. R. Civ. P. 8(a). The Court may "*sua sponte* dismiss a complaint for failure to comply with Rule 8," when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (citation and internal quotations omitted). To survive *sua sponte* screening, a complaint must contain sufficient factual matter to demonstrate facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *Pro se* pleadings must still be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). While there is flexibility and liberal construction, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" under Rule 8(a). *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III. <u>DISCUSSION</u>

From the facts, it appears that Plaintiff alleges tort-based claims against the Defendants under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) ("[Section 1983] creates a species of tort liability"); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("there can be no doubt that claims brought pursuant to § 1983 sound in tort.") The Complaint contains allegations of assault and forced or induced medication on a person subject to confinement. (Compl. *2-3.) However, as explained more fully below, Plaintiff fails to

[4] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

comply with Rule 8; therefore, the Complaint is subject to *sua sponte* dismissal. *Ruther*, 556 F. App'x at 92. The Complaint does not meet the basic pleading requirements, even under a more forgiving review based on her *pro se* status. *Edwards v. Under Color of Law State Law Trenton State Police*, No. 23-107, 2023 WL 6938233, at *2 (D.N.J. Oct. 20, 2023) ("The appropriate action when faced with an unintelligible complaint [] is to dismiss the complaint without prejudice to the filing of an amended complaint.")

Section 1983 provides a private right of action against every "person" who, under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Therefore, to state a claim under Section 1983, Plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Here, however, Plaintiff sets forth only conclusory, vague allegations that fail to "state a claim to relief that is plausible on its face" under § 1983 jurisprudence. *Ashcroft*, 556 U.S. at 678 (citations omitted).

First, with respect to Plaintiff's claims against Defendant Ashley Whittfield, Plaintiff has failed to plead facts to support a finding that Whittfield acted "under color of law." Specifically, the Complaint contains no facts related to Whittfield's relationship to Plaintiff, the Director, Greystone Park, or the State of New Jersey for purposes of § 1983 liability. The Complaint lacks

any allegations regarding Whittfield's role, employment, or patient status, and thus fails to plausibly show that Plaintiff is entitled to relief for the injuries that she attributes to Whittfield. Accordingly, Plaintiff fails to plead facts sufficient for the Court to determine whether Whittfield is a party subject to suit under § 1983.

Similarly, while Greystone Park is a state-run institution, Plaintiff fails to allege any facts showing that the Director is liable under § 1983. For liability under § 1983 to attach to a defendant, the defendant must have personal involvement in the alleged constitutional violation. *See Iqbal*, 556 U.S. at 676. The Complaint seems to only attach liability to the Director for failing to call the police after Whittfield's assault on Plaintiff and to properly treat her injuries. Standing alone, the assertions made against the Director fail to demonstrate an individual's involvement in the deprivation of a constitutional right, and the Complaint fails to show any violation by the Director under color of law. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.")

Plaintiff has not alleged the violation of a specific constitutional right, though the Court gleans from the Complaint that her theory of liability falls under the Due Process Clause of the Fourteenth Amendment.[5] However, the Due Process Clause does not automatically render an affirmative duty on the part of the State to prevent the infringement of the liberties secured therein. "The Supreme Court has long established that '[a]s a general matter, ... a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.'" *Morrow v. Balaski*, 719 F.3d 160, 166 (3d Cir. 2013) (quoting *DeShaney v. Winnebago*

[5] The Fourteenth Amendment provides "[n]o State shall...deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

*Dept. of Soc. Serv*., 489 U.S. 189, 197 (1989). This would be a case of private violence if Whittfield were another patient at Greystone and not a staff member.

Further, the claim against the Director is barred because negligence claims against state officials, as pleaded in the Complaint, are not actionable as violations of a plaintiff's due process rights. *See Segura*, 2024 WL 414105, at *9; *see also Argueta v. U.S. Immigr. And Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011). Because negligence is not a constitutional violation, the Director's failure to call the police after a violent incident does not constitute "personal involvement in a constitutional violation." *Segura*, at *9.; *see also Lockhart v. Willingboro High Sch*., 170 F. Supp. 3d 722, 732-33 (D.N.J. 2015) (holding that "claims of negligence do not rise to the level of constitutional protection under § 1983, even when unfortunate harm occurs."). Plaintiff must plead additional factual allegations showing how the alleged violence by Whittfield and the Director's alleged negligence violated her constitutional rights.

To adequately allege that Defendants violated her civil rights under § 1983, Plaintiff must include factual allegations showing how each Defendant violated her civil rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Without more specific factual allegations of how the Director separately violated Plaintiff's civil rights, the Court assumes Plaintiff's claim is predicated on a theory of *respondeat superior*, which is insufficient as a basis for a § 1983 claim. *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 691 (1978).

Ultimately, the Court can only assume Plaintiff alleges negligence and assault claims and cannot discern a viable § 1983 claim against either Defendant. Plaintiff fails to comply with the well-pleaded complaint standard of Rule 8(a) and therefore does not state a plausible claim under § 1983 warranting *sua sponte* dismissal. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed IFP (ECF No. 1-2) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** ***without prejudice***. Plaintiff is given leave to file an amended complaint within thirty (30) days. If no amended complaint is filed within the time prescribed, the dismissal will ripen into a dismissal with prejudice. An appropriate Order accompanies this Opinion.

**DATE: 8/3/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**