**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

YANILDA A. TORO,

Plaintiff,

v.

GREYSTONE PARK PSYCHIATRIC HOSPITAL and ASHLEY WHITFIELD,

Defendants.

Civil Action No. 25-1986 (JXN)(SDA)

**MEMORANDUM ORDER**

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Yanilda A. Toro's ("Plaintiff") Amended Complaint (ECF No. 11.) The Court, having previously granted Plaintiff *in forma pauperis* ("IFP") status (*see* ECF No. 10), screens the Amended Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's Amended Complaint is **DISMISSED**.

## I. BACKGROUND

### A. Statement of Facts

Plaintiff is confined at Greystone Park Psychiatric Hospital ("Greystone"), "a state-run psychiatric hospital located in Morris Plains, New Jersey." *Toro v. Greystone Park Dir.*, No. 25-1986, 2026 WL 2225534, at *1 n.1 (D.N.J. Aug. 3, 2026). While there, Plaintiff got into two fights. (*See* Am. Compl. at 3, ECF No. 11.) The first fight occurred in April 2021, when an unidentified woman attacked Plaintiff unprovoked, and a nurse injected Plaintiff with a substance, affecting her hormones. (*Id.*) The second fight took place in October 2021, when Ashley Whitfield ("Whitfield") allegedly struck Plaintiff in the head and right eye. (*Id.*) According to Plaintiff, the assault caused her to suffer pain and emotional distress. (*Id.*) Plaintiff claims both fights delayed her release from

Greystone. (*Id.*) She seeks $500 million in damages for the fights, being injected with a substance that affected her hormones, and "adultery." (*Id.* at 4.)

**B. Procedural History**

Plaintiff sued the director of Greystone and Whitfield for her fight-related injuries in March 2025 (*See* Compl., ECF No. 1), and applied to proceed IFP (*see* IFP Appl., ECF No. 1-2).[1] In August 2026, the Court granted Plaintiff's IFP application and dismissed her complaint. (*See* Op., ECF No. 9.) The Court, liberally construing the complaint as asserting a claim under 42 U.S.C. § 1983, found Plaintiff did "not meet the basic pleading requirements, even under a more forgiving review based on her *pro se* status." *Toro v. Greystone Park Dir.*, No. 25-1986, 2026 WL 2225534, at *2 (D.N.J. Aug. 3, 2026).

First, with respect to Plaintiff's claims against Whitfield, the Court determined

> Plaintiff has failed to plead facts to support a finding that Whittfield acted "under color of law." Specifically, the Complaint contains no facts related to Whittfield's relationship to Plaintiff, the Director, Greystone Park, or the State of New Jersey for purposes of § 1983 liability. The Complaint lacks any allegations regarding Whittfield's role, employment, or patient status, and thus fails to plausibly show that Plaintiff is entitled to relief for the injuries that she attributes to Whittfield. Accordingly, Plaintiff fails to plead facts sufficient for the Court to determine whether Whittfield is a party subject to suit under § 1983.

*Id.* As to Plaintiff's claim against the Greystone director, the Court found that,

> while Greystone Park is a state-run institution, Plaintiff fails to allege any facts showing that the Director is liable under § 1983. For liability under § 1983 to attach to a defendant, the defendant must have personal involvement in the alleged constitutional violation. *See Iqbal*, 556 U.S. at 676. The Complaint seems to only attach liability to the Director for failing to call the police after Whittfield's assault on Plaintiff and to properly treat her injuries. Standing alone, the assertions made against the Director fail to demonstrate an individual's involvement in the deprivation of a constitutional right, and the Complaint fails to show any violation by the Director under color of law. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.")).

[1] The Court notes that Plaintiff spelled Whitfield differently in the Complaint. (*See* Compl.)

*Id.* at *3. Plaintiff timely filed an Amended Complaint. (*See* Am. Compl.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e), the IFP statute, the Court must decide *sua sponte* whether the Amended Complaint should be dismissed. An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To survive screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III. DISCUSSION

Because the Amended Complaint contains allegations of assault and forced or induced medication on a person subject to confinement (*see* Am. Compl.), it appears Plaintiff alleges tort-based claims against Defendants under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409,

417 (1976) ("[Section 1983] creates a species of tort liability"); *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) ("[T]here can be no doubt that claims brought pursuant to § 1983 sound in tort."). 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage," deprives someone of a federal constitutional or statutory right. Accordingly, to state a § 1983 claim, the plaintiff must show: (1) a person deprived the plaintiff of a right, and (2) the person who deprived plaintiff of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

**A. Greystone is not a "Person"**

Greystone is not a "person" amenable to suit under § 1983. The plain text of § 1983 extends liability only to "persons." *See* 42 U.S.C. § 1983. But neither the State, nor any "arm of the State," is a "person" within § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) ("[A] State is not a 'person' within the meaning of § 1983 . . . ."); *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983." (citation omitted)). Greystone is "an arm of the state because it was created by statute and is state-operated and state-funded." *Segura v. Greystone Park Psychiatric Hosp.*, No. 21-11662, 2024 WL 414105, at *8 (D.N.J. Feb. 5, 2024); *see also* N.J.S.A. 30:1-7 ("The . . . psychiatric facilities of this State . . . shall include . . . Greystone Park Psychiatric Hospital."); N.J.S.A. 30:4-160 ("The New Jersey State Hospitals . . . shall include . . . Greystone Park Psychiatric Hospital . . . ."). "Hospitals that are created by statute, state-controlled, and state-funded are accorded sovereign immunity as arms of the state." *Segura*, 2024 WL 414105, at *8. Because Greystone is an arm of the state, and therefore not a "person," Plaintiff's § 1983 claim against Greystone is **DISMISSED *with prejudice***.

### B. Plaintiff Does Not Allege Whitfield Acted under Color of State Law

As before, Plaintiff fails to state a § 1983 claim against Whitfield because the Amended Complaint does not adequately allege Whitfield acted under color of state law. The Amended Complaint offers no facts about Whitfield's "relationship to Plaintiff, . . . Greystone Park, or the State of New Jersey for purposes of § 1983 liability." *Toro*, 2026 WL 2225534, at *2. "The Complaint lacks any allegations regarding [Whitfield's] role, employment, or patient status, and thus fails to plausibly show that Plaintiff is entitled to relief for the injuries that she attributes to [Whitfield]." *Id.* Therefore, Plaintiff does not adequately allege Whitfield acted under color of state law. And so, Plaintiff's § 1983 claim against Whitfield is **DISMISSED** ***without prejudice***.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS** on this **13th** day of November 2026

**ORDERED** that:

1. The Clerk of Court shall reopen this case solely for the purpose of docketing this Memorandum Order;
2. The Amended Complaint (ECF No. 11) is **DISMISSED** ***with prejudice*** as to Greystone and ***without prejudice*** as to Whitfield;
3. Plaintiff is given one final opportunity to file an amended pleading that states a claim upon which relief may be granted within thirty (30) days from the date of this Order;
4. Should Plaintiff fail to timely file an amended pleading that states a claim upon which relief may be granted, dismissal may be with prejudice;
5. The Clerk shall close this case; and

6. The Clerk shall serve a copy of this Memorandum Order to Plaintiff by regular U.S. mail.

**DATED: 11/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**